Justin A. Palmer (SBN. 270857)
**FILER | PALMER, LLP**
249 E. Ocean Blvd., Suite 501
Long Beach, CA 90802
Telephone:   (562) 304-5200
Facsimile:   (562) 394-0504
Email:       justin@filerpalmer.com

Counsel for Plaintiff,
DeAndros Long

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

DEANDROS LONG,

          Plaintiff,

    vs.

CITY OF HAWTHORNE, a
Governmental Entity; A. BARLIN
(#50376); MARROQUIN  (#050419);
and DOES 1-10 inclusive,

          Defendants.

Case No.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

1) DEPRIVATION OF CIVIL RIGHTS – FALSE ARREST (42 U.S.C. § 1983)
2) UNREASONABLE SEARCH AND SEIZURE – EXCESSIVE FORCE (42 U.S.C. § 1983)
3) MUNICIPAL & SUPERVISORY LIABILITY (42. U.S.C. § 1983)
4) FALSE ARREST/FALSE IMPRISONMENT
5) BATTERY
6) NEGLIGENCE
7) VIOLATION OF BANE ACT (CALIFORNIA CIVIL CODE §52.1)
**DEMAND FOR JURY TRIAL**

    COME   NOW,   Plaintiff   DeAndros   Long,   for   his   complaint   against **Defendants City of Hawthorne, Deputy A. Barlin (#50376), Deputy Marroquin (#050419) and Does 1-10**, inclusive, and allege as follows:

*FILER|PALMER, LLP*
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

## JURISDICTION AND VENUE

1.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4), because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in this district, and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.     This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the force used during the unlawful arrest of Plaintiff, DeAndros Long, which occurred on May 26, 2020.

4.     At all relevant times, Plaintiff, DeAndros Long ("Plaintiff") was an individual residing in the County of Los Angeles, California.

5.     At all relevant times, **City of Hawthorne** is and was a public entity duly organized under the laws of the State of California, County of Los Angeles, and the public employer of the police officers named as defendants in this action.

6.     At all relevant times, HPD was the employer of Defendants **Deputy A. Barlin (#50376), Deputy Marroquin (#050419) and Does 1-10**, who are believed to be residents of the County of Los Angeles, California. **Barlin, Marroquin and DOES 1-10** are sued in their individual capacity.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

7.     At all relevant times, Defendants **Barlin, Marroquin and DOES 1-10** were duly authorized employees and agents of County, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of their principal, Defendant City of Hawthorne. At all relevant times, Defendants **Barlin, Marroquin and DOES 1-10** were duly appointed officers and/or employees or agents of HPD, subject to oversight and supervision by HPD's elected and non-elected officials.

8.     In doing the acts and failing and omitting to act as hereinafter described, Defendants **Barlin, Marroquin and DOES 1-10** were acting on the implied and actual permission and consent of HPD.

9.     The true names of **Defendants DOES 1-10**, inclusive, are unknown to Plaintiff, who otherwise sue these defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to show the true names and capacity of these defendants when they have been ascertained. Each of the fictitiously-named defendants is responsible in some manner for the conduct or liabilities alleged herein.

10.    At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant.

**Tort Claim Allegations**

11.    Plaintiff filed comprehensive and timely claims for damages with City of Hawthorne pursuant to applicable sections of the California Government Code. Plaintiff filed his tort claim on or around September 23, 2020. A true and correct copy of said complaint is attached hereto as Exhibit "A." Plaintiff's claim was deemed rejected by operation of law on November 7, 2020.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**Allegations Regarding Tolling**

12.     By this Complaint, Plaintiff follows the teachings of <u>Harding v. Galceran</u>, 889 F.2d 906 (9th Cir. 1989), which held that <u>Government Code</u> 945.3 operates to toll the limitations period while criminal actions are pending against the potential plaintiff. <u>Id</u> at 908.

13.     On or around November 7, 2020, Plaintiff's Claim for Damages was rejected as a matter of law.

14.     On or around August 6, 2021, all criminal charges were dismissed in favor of Mr. Long, establishing the statute of limitations to file this action on August 6, 2023.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

15.     Plaintiffs repeat and reallege each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

16.     On or around May 26, 2020, Mr. Long was driving his car heading to work in the City of Hawthorne.  Mr. Long was stopped at the intersection of Van Ness Avenue and El Segundo Boulevard waiting for traffic to clear so that he could continue along Van Ness Avenue.

17.     After the light turned green and without warning or probable cause, Hawthorne Police Officer Barlin (Badge No. 50376) pulled behind Mr. Long, activated his lights and attempted to perform a routine traffic stop.

18.     Mr. Long crossed the intersection and pulled to the side of the road to comply with officer commands by turning his car off and rolled his window down. While there, he waited for Defendant Officer Barlin to approach. Plaintiff is informed and believes, and on that basis alleges Officer Barlin requested back up

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

assistance from Officer Marroquin (#050419), who arrived on scene to assist Mr. Long with the detention.



19. Within moments of approaching the driver's door, Officer Barlin and Marroquin opened Mr. Long's door and pulled him out of the vehicle. Mr. Long asked Defendant Barlin for the legal basis supporting the detention and why he was being stopped. Barlin refused to answer and continued his effort to extract him from the car. The incident was captured on video, as depicted above.

20. During the arrest, both officers punched and kicked Mr. Long in the face, back and leg areas.

21. The two men stopped punching Mr. Long after an eyewitness yelled from across the street and advised she was filming the incident.

22. Mr. Long was arrested and charged with one (1) count <u>Penal Code</u> §69 – Resisting Arrest; one (1) count of California Vehicle Code §12951(B) – Failing to Present a Valid Driver's License; and one (1) count of <u>Vehicle Code</u> §22350 – Driving at an Unsafe Speed. To support the false charges, the City of Hawthorne Officers also filed a false police report recommending prosecution against Mr. Long to cover up the wrongful arrest and use of force. Namely, the reports allege Mr.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Long was uncooperative during the arrest and that the officers had a lawful basis to detain Mr. Long. Defendants Barlin, Marroquin and Does 1-5 knew or should have known that Mr. Long had not committed a crime or interfered with any lawful investigation. During the entire detention, Mr. Long complied with all commands made of him.

### Participation, State of Mind and Damages

23.    All Defendants acted under color of law.

24.    Each Defendant participated in the violations alleged herein, or directed the violations alleged herein, or knew of the violations alleged herein and failed to act to prevent them. Each defendant ratified, approved and acquiesced in the violations alleged herein.

25.    As joint actors with joint obligations, each defendant was and is responsible for the failures and omissions of the other.

26.    Each Defendant acted individually and in concert with the other Defendants and others not named in violating Plaintiff's rights.

27.    Each Defendant acted with a deliberate indifference to or reckless disregard for an accused's rights for the truth in withholding evidence from prosecutors, for an investigation free of active concealment of material facts, and/or for the Plaintiff's right to due process of law.

28.    As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of Defendants, Plaintiff has suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, shock, humiliation, indignity, embarrassment, harm to reputation, and apprehension, which have caused Plaintiff to sustain damages in a sum to be determined at trial.

29.    Due to the acts of the Defendants, Plaintiff has suffered and continues to suffer, and is likely to suffer in the future, extreme and severe mental anguish as

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

well as mental and physical pain and injury. For such injury, Plaintiff will incur significant damages based on psychological and medical care.

30.     As a further result of the conduct of each of these defendants, Plaintiff has lost past and future earnings in an amount to be determined according to proof at trial.

## FIRST CLAIM FOR RELIEF

## Deprivation of Civil Rights – Arrest Without Probable Cause (42 U.S.C. § 1983)

## (By Long Against Deputy Barlin, Marroquin and DOES 1-5)

31.     Mr. Long repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

32.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable searches and seizures, including the right to be free from arrest without probable cause. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

33.     Defendants **Deputy Barlin and Marroquin and DOES 1-5** acted under color of state law.

34.     Defendants **Deputy Barlin and Marroquin and DOES 1-5** detained Mr. Long without reasonable articulable suspicion or probable cause to believe he had committed a crime and without a warrant, without consent and in the absence of exigent circumstances. There was absolutely no reason whatsoever to conduct a search and arrest Mr. Long under these circumstances, as Mr. Long was obeying all traffic laws at the time of the detention. He was not speeding and immediately pulled over after Barlin attempted to detain him. At all relevant times, Defendants **Deputy Barlin and Marroquin and DOES 1-5** knew or should have known Mr.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

Long was innocent, and continued to detain him without a lawful justification, particularly when Mr. Long asked for the legal basis supporting his detention.

35.     Defendants named herein, and each of them, were motivated by bad faith in that Defendants had a preference toward finding Mr. Long guilty and their conduct was done with deliberate indifference to and/or reckless disregard of Mr. Long's rights or for the truth.

36.     When Defendants detained Mr. Long without reasonable suspicion, and later arrested Mr. Long without probable cause, they violated Plaintiff's right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

37.     As a result of the conduct of **Deputy Barlin and Marroquin and DOES 1-5** they are liable for Plaintiff's injuries because they were direct or integral participants in the unreasonable detention and arrest, or because they failed to intervene to prevent these violations.

38.     The conduct of **Deputy Barlin and Marroquin and DOES 1-5** was willful, wanton, malicious, and done with reckless disregard for Mr. Long's rights and safety, and therefore warrants the imposition of exemplary and punitive damages.

39.     Mr. Long brings this claim individually and seeks general and special damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs and attorney's fees under 42 U.S.C. §1988.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. § 1983)

### (By Long Against Deputy Barlin and Marroquin and DOES 1-10)

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

40.     Mr. Long repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

41.     The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable or excessive force. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right.

42.     Defendants **Deputy Barlin and Marroquin** while acting under color of law as a Deputy Sheriff, use excessive force against Mr. Long when they forcibly removed Mr. Long from his car, punched him, shoved their knees into Mr. Long's back and legs. The unjustified use of force by Defendant **Deputy Barlin and Marroquin** deprived Mr. Long of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the 4th amendment of the United States Constitution and applied to state actors by the Fourteenth Amendment.

43.     As a result of the foregoing, Mr. Long suffered physical pain and emotional distress, loss of enjoyment of his life, and loss of earning capacity.

44.     The conduct of Defendant **Deputy Barlin and Marroquin** was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Mr. Long, and therefore warrants the imposition of exemplary and punitive damages.

45.     The use of force on Mr. Long at the time of the incident was excessive and unreasonable as Mr. Long posed no immediate threat to himself or any of the officers at the time of the incident. Mr. Long had not threatened any officer before he was removed from his car and Mr. Long complied with all limited commands made of him. Further, the conduct of the defendants violated their training and standard police officer training with respect to the same.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

1    46.    Mr. Long brings this claim individually and seeks general and special
2    damages, in an amount to be determined at trial. Plaintiff also seeks reasonable costs
3    and attorney's fees under 42 U.S.C. §1988.

### THIRD CLAIM FOR RELIEF
### Municipal Liability – Unconstitutional Custom, Policy or Practice
### (42 U.S.C. §1983)
### Mr. Long v. Defendant City of Hawthorne and Does 1-10

47.    Mr. Long repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

48.    The City of Hawthorne Policy Manual was designed to guide and direct employees of the City of Hawthorne in the performance of their duties. It provides guidance in the areas of laws of arrest and the force to be use during an arrest, as appropriate.

49.    At all times herein alleged, Defendants **Barlin, Marroquin** were acting pursuant to Section 300.3 of the Hawthorne Police Policy Manual, which directs officers to use the level of force they reasonably believe is proportional to the seriousness of the suspected offense or the reasonably perceived level of actual or threatened resistance.

50.    Mr. Long is informed and believes, and on that basis alleges Defendants **Barlin, Marroquin** And Does 1-5 were not disciplined for the arrest and prosecution of Mr. Long.

<u>Pattern and Practice of Profiling, Harassment and False Reports</u>

51.    For years, Defendant City of Hawthorne have had a pattern and practice of harassing and profiling black and Latino residents of Hawthorne, who also live in Los Angeles County. HPD officers routinely fail to articulate facts

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

[2021.11.23] p-complaint.docx      10

sufficient to support the predicate of reasonable suspicion required for a detention consistent with the Fourth Amendment under <u>Terry v. Ohio</u>, 392 U.S. 1, 21 (1986).

52.     This pattern or practice of misconduct violates the Constitution and federal law through: pedestrian and vehicle stops that violate the Fourth Amendment; stops that appear motivated by racial bias, in violation of the Fourteenth Amendment and federal statutory law; the use of unreasonable force in violation of the Fourth Amendment; and discrimination against African-American residents of the County of Los on the basis of race without probable cause.

53.     In one instance, for example, video footage captured up to seven HPD officers draw their weapons on one unarmed suspect while the suspect is on his knees with his hands clasped behind his head and has his back turned, facing away from officers.

54.     In another instance, videotape shows two Hawthorne police officers slapping high-fives in the aftermath of an arrest in which one of their co-workers allegedly kicked and handcuffed Felix Sanchez in the face, breaking his jaw. Sanchez was not treated by paramedics or taken to the hospital despite a department policy that requires officers to seek medical attention for those with visible injuries. Sanchez was not taken to a hospital until after his release from jail and later prosecuted in criminal court. His criminal case was dismissed.

55.     Moreover, the City of Hawthorne stops and searches African Americans and Latinos in the County based in part on impermissible consideration of race or ethnicity. Historical data suggests a clear racial disparity for African Americans when stopped for offenses where law enforcement discretion is greatest. Such charges include offenses such as crossing against a traffic light, jaywalking, failing to yield right of way, or walking on the wrong side of the street.

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

56.    HPD also continues a pattern and practice of using force and arresting someone only for obstruction of justice, thus raising the question of what legitimate law enforcement objective was being obstructed.

57.    The HPD currently possesses an obstructive custom and practice designed to discourage meaningful oversight over rogue employees. At all times herein mentioned, there was a custom and practice of practice of allowing HPD Officers to regularly deploy excessive force or harass citizens with impunity. In particular, officers employed by Defendants HPD harassed citizens without probable cause, caused criminal charges to be filed against citizens to avoid civil liability and used excessive force on persons who were unarmed and/or did not represent a threat to life or of serious bodily injury as identified below to support baseless section without probable cause. These officers encouraged, and in some cases directly participated, in the filing of criminal charges in similar cases where citizens exercised their rights under the United States Constitution. These incidents did not result in discipline and this culture of a lack of accountability were a moving force in the detention, investigation and prosecution of Mr. Long by **Officers Barlin and Marroquin**.

58.    The following are a list of incidents exemplifying the aforementioned policies, customs, practices and usages of Defendant HPD:

A. <u>False Arrest and Excessive Force</u>. On March 20, 2015, an officer in an unmarked car was riding behind Pale Tangitau, his wife and his family, including his two children. The officer pulled his wife over but did not give her a ticket. Instead, 2 officers, Jose Saldana (#21) and Christopher Komathy (Shield # unknown), approached Tangitau in the backseat of the car from both sides. Although he complied with officers every command, an officer drew his gun and pointed it at Pale in front

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

of the children. HPD officers told him he was being arrested for violating his probation, which was later proven to be false as his probation terminated a year earlier. The officers him out of the police car and slammed him to the ground consequently breaking his arm. Tangitau was ultimately charged with resisting arrest and booked at the Hawthorne police station. Once he was booked at LA County jail, he continued to complain about his arm pain and finally received the x-ray confirming his arm was broken.

B. <u>False Arrest and Excessive Force</u>. On the evening of February 13, 2014, Jonathan Mesiter, a profoundly deaf person was beaten and tased by officers employed by the City of Hawthorne while retrieving some personal items from his friends' and former roommates' home. HPD was called to investigate "suspicious circumstances." On arrival, HPD officers grabbed his wrists, turning him around so he could not see them. The officers described the force they employed on the incident in their reports, including a lethal chokehold and kneed Mesiter twice in the abdomen, and several punches to the face. Once he was booked at the station, he was able to communicate in writing as to why he was on the property and he was given his phone to call for help. Mesiter was booked on resisting arrest charges.

C. <u>False Arrest and Excessive Force</u>. On the evening April 29, 2018, Floyd McLucas (a 70-year-old African American male) was home entertaining family for Sunday dinner. HPD Officers arrived at his home demanding to speak with his grandson. The officers grew angry and grabbed Floyd by his arms and ripped him out of the home, throwing him towards a pillar on the porch, ultimately straddled his

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

back, handcuffing him and punching him in the face. Floyd was then placed under arrest and taken into custody.

D. <u>Excessive Force</u>. On September 4, 2018, Ronnie was a suspect in a robbery when he surrendered to police officers looking for him. In compliance with officers' orders, Ronnie exited the room he was in with his hands visibly raised. Ronnie did not have a weapon in his hands or in his possession. Still, Sergeant Espinoza subsequently shot him in his hand.

E. <u>False Arrest and Excessive Force</u>. On August 18, 2013 Daniel Saulmon was riding his bike in Hawthorne when he began to record two officers arresting someone sitting on a curb. HPD Officer Shay told him that Saulmon was bothering the Officers and arrested him for Penal Code§69/148. Saulmon remained in custody for 2 days and was released when the district attorney refused to press charges.

59.    The detention and arrest policy adopted by Defendant HPD caused Plaintiff's constitutional violation and his injuries, including severe pain and suffering, mental anguish, humiliation, and emotional distress.

60.    Defendants HPD together with other various other officials, whether named or unnamed, had either actual or knowledge of the HPD policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendant also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff, and other individuals similarly situated.

61.    Plaintiff brings this claim in his individual capacities and in each case seeks compensatory damages, including loss of consortium, past and future financial

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

loss, physical injuries, and emotional and mental distress for the violation of Plaintiffs' rights. Plaintiffs also seek punitive damages and attorney's fees under this claim.

**FOURTH CLAIM FOR RELIEF**

**False Arrest and Imprisonment – Excessive Force**

**California State Law**

**(By Long Against Officers Barlin and Marroquin; City of Hawthorne And Does 1-5)**

62.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

63.     This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

64.     Defendants **Deputy Barlin and Marroquin; City of Hawthorne** and DOES 1-10 while acting within the course and scope of their duties as officers with the LASD intentionally deprived Mr. Long of his freedom and freedom of movement by menace, fraud, deceit, and unreasonable duress. Defendants without reasonable suspicion or probable cause arrested Mr. Long without a warrant.

65.     At all relevant times, Defendants knew or should have known Mr. Long was innocent. Defendants failed to take action to rectify the false statements made within their police reports and knowingly provided false testimony during Mr. Long's criminal prosecution.

66.     City of Hawthorne is vicariously liable for the wrongful acts of **Deputy Barlin and Marroquin** and DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

67.     As a direct and proximate result of the aforementioned conduct, Mr. Long was arrested, detained and endured a criminal prosecution spanning nearly 10 months, and suffered a loss of liberty, past and future earnings, and emotional distress.

68.     The conduct of Defendants **Barlin and Marroquin and Does 1-10** was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of Mr. Long and therefore warrants the imposition of exemplary and punitive damages.

69.     Mr. Long brings this claim individually and seeks general and special damages, in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF

### Battery

### (California State Law)

### (By Long Against Deputy Barlin and Marroquin; City of Hawthorne And Does 1-10)

70.      Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

71.     This cause of action arises under the general laws and Constitution of the State of California. Plaintiffs have complied with the California Tort Claims Act requirements.

72.     Defendants **Barlin and Marroquin and Does 1-10, as** pleaded herein above, when said Defendants acted intentionally to cause, and did cause, said non-

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

consensual, unprivileged, unjustified, excessive, harmful or offensive contact to Mr. Long's body by punching, kneeling and striking him.

73.     These acts were undertaken by Defendants **Barlin and Marroquin and Does 1-10** intentionally and without justification.

74.     As a result of these deliberate and unjustified acts undertaken by Defendants **Barlin and Marroquin and Does 1-5**, Mr. Long endured great physical and emotional pain and suffering.

75.     These deliberate and unjustified acts undertaken by Defendants **Barlin and Marroquin and Does 1-10** were willful and done with a deliberate disregard for the rights and safety of Mr. Long and, therefore, warrant the imposition of punitive damages as to Defendants **Barlin and Marroquin and Does 1-10**.

76.     Defendants **City of Hawthorne** is liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of <u>respondeat superior</u>, codified at California <u>Government Code</u> § 815.2

### SIXTH CLAIM FOR RELIEF
### Negligence
### (By Long Against Deputy Barlin and Marroquin; City of Hawthorne And Does 1-4)

77.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

78.     Los Angeles County Deputy Sheriffs, including Defendants **Barlin and Marroquin and Does 1-4** have a duty to use reasonable care to prevent harm or injury to others. This duty includes, but is not limited to, not arresting persons without reasonable suspicion or probable cause; not using improper, suggestive, or

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

coercive techniques to procure false eyewitness identifications; using false evidence; fabricating evidence; failing to disclose exculpatory evidence; investigating proper suspects; and not maliciously arresting or causing the wrongful conviction of innocent persons. Law enforcement agencies also have a duty to properly hire, train, and supervise police officer employees.

79.     Defendants **Barlin and Marroquin and Does 1-4** breached this duty of care. Upon information and belief, the actions and inactions of Defendants were negligent and reckless, including but not limited to:

      (a)   The failure to properly and adequately assess the need to detain and arrest Mr. Long;

      (b)   Arresting Mr. Long without probable cause or reasonable suspicion;

      (c)   Using improper, suggestive, or coercive techniques to detain Mr. Long;

      (d)   Using false evidence in pursuing a criminal case against Mr. Long;

      (e)   Fabricating evidence;

      (f)   Failing to disclose exculpatory evidence;

      (g)   Causing the wrongful arrest and conviction of Mr. Long.

80.     Defendant City of Hawthorne also failed to properly hire, train, and supervise police officer employees in order to prevent the wrongful arrest of Mr. Long.

81.     Each of the Defendants knew or should have known the detention and arrest of Mr. Long was false or procured by improper suggestion or influence. At all relevant times, Defendants knew or should have known Mr. Long was innocent.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

82.     County of Los Angeles is vicariously liable for the wrongful acts of **Barlin and Marroquin and Does 1-10** pursuant to section 815.2(a) of the California <u>Government Code</u>, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

83.     Mr. Long brings this claim individually and seeks general and special damages, in an amount to be determined at trial.

**SEVENTH CLAIM FOR RELIEF**

**Violation of Bane Act (California <u>Civil Code</u> §§52 and 52.1)**

**(By Long Against Deputy Barlin and Marroquin; City of Hawthorne And Does 1-10)**

84.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

85.     As alleged herein, Defendants **Barlin and Marroquin** interfered with Mr. Long's rights under state and federal laws and under the state and federal constitution including, without limitation, the right to be free from unreasonable search and seizure, the right to due process, and the right to bodily integrity, including his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

86.     As a result of their conduct, **Barlin and Marroquin and Does 1-10** are liable for PLAINTIFFS' injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations.

87.     As a direct and proximate result of the aforementioned wrongful acts of **Barlin and Marroquin and Does 1-10**, individually and as peace officers, Mr.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

1  Long sustained and incurred damages for physical injuries, emotional injury and

2  pain, mental anguish, suffering, humiliation, embarrassment, as well as harm to his

3  reputation in the community.

4         88.    The conduct of **Barlin and Marroquin and Does 1-10** individually

5  and as peace officers, was malicious, wanton, oppressive, and accomplished with a

6  conscious disregard for the rights of Mr. Long, entitling Mr. Long to an award of

7  exemplary and punitive damages. Mr. Long does not seek punitive damages against

8  the County of Los Angeles.

9         89.    Mr. Long seeks statutory damages under California Civil Code §52,

10  including attorneys fees, as well as compensatory and punitive damages according

11  to proof.

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

[2021.11.23] p-complaint.docx                    20

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER
COLOR OF STATE LAW**

## **PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as to all Claims for Relief as follows:

    A. For compensatory, general, special and incidental damages, in amounts according to proof at trial;

    B. For costs of suit;

    C. For reasonable attorneys' fees under federal and state law, including a multiplier and litigation expenses;

    D. For prejudgment interest;

    E. For such other equitable or legal relief as this Court deems just and proper.

    F. For punitive and exemplary damages only as provided by federal and state law, in an amount to be proved against each individual Defendant;

    G. For such other and further relief as the Court may deem just, proper and appropriate.

Dated: November **30**, 2021                    Respectfully Submitted,

                                        **FILER | PALMER, LLP**

By: _____

                      Justin A. Palmer
                      Attorneys for Plaintiff
                      DeAndros Long

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

[2021.11.23] p-complaint.docx

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER COLOR OF STATE LAW**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff hereby demands a trial by jury.

Dated: November __30__, 2020                    Respectfully Submitted,

**FILER | PALMER, LLP**

By: _____
        Justin A. Palmer
        Attorneys for Plaintiff
        DeAndros Long

FILER|PALMER, LLP
249 East Ocean Boulevard, Suite 501
Long Beach, CA 90802
Telephone (562) 304-5200

[2021.11.23] p-complaint.docx                    1

**COMPLAINT FOR DAMAGES FOR CIVIL RIGHTS VIOLATIONS UNDER
COLOR OF STATE LAW**